**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------- x

DAMIAN MOSSO-SALAZAR, EFRAIN
URBANO, and LIBORIO BRAVO MOLINA,
*individually and on behalf of others similarly
situated*,

      Plaintiffs,

  -against-

NEW LEXINGTON CORP. d/b/a HAANDI
RESTAURANT, ARTAZA ALI and SHABBIR
SIAL,

      Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 2505 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

  On February 24, 2015, Plaintiffs Damian Mosso-Salazar, Efrain Urbano, and Liborio Bravo Molina commenced this action against Defendants New Lexington Corp. d/b/a Haandi Restaurant ("Haandi") and its principals, Defendants Artaza Ali and Shabbir Sial, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") and regulations. (*See* Compl., ECF No. 4.) On June 27, 2018, this Court granted Plaintiffs' motion for a default judgment and referred the matter to Magistrate Judge Stuart D. Aaron for an inquest on damages. (*See* Default Judgment, ECF No. 18.) Pursuant to an Order by Magistrate Judge Aaron, Plaintiffs submitted proposed findings of fact and conclusions of law regarding damages. (*See* Proposed Findings of Fact and Conclusions of Law, ECF No. 20.) Defendants did not file a response to Plaintiffs' submission. Before this Court is Magistrate Judge Aaron's September 4, 2018 Report and Recommendation (the "Report," ECF No. 27), recommending an award of damages, pre-judgment interest, and attorneys' fees and costs. (*Id.* at 13.) In the Report, Magistrate Judge Aaron advised the parties that failure to file timely objections

would constitute a waiver of those objections on appeal. (*Id.* at 13–14.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. THE REPORT CORRECTLY CALCULATES PLAINTIFFS' DAMAGES

Ali and Sial were each an "owner, officer, director, and/or managing agent" of Haandi Restaurant who "participated in [its] day-to-day operations." (Compl. ¶¶ 8–9.[1]) The Report correctly found that, for purposes of the FLSA and NYLL, Ali and Sial are "employers" who are jointly and severally liable along with Haandi. (Report at 12); *see also Gonzalez v. Masters Health Food Serv., Inc.*, No. 14 Civ. 7603 (VEC), 2017 WL 3835960, at *15 (S.D.N.Y. July 27, 2017)

---

[1] "Following a default judgment, all well-pled factual allegations of the complaint, except those relating to damages, are accepted as true." *Cartright v. Lodge*, No. 15 Civ. 9939 (KMW) (RLE), 2017 WL 1194241, at *4 (S.D.N.Y. Mar. 30, 2017) (citing *Cotton v. Stone*, 4 F.3d 176, 181 (2d Cir. 1993)). "A factual allegation will be deemed not well-pled only in 'very narrow, exceptional circumstances.'" *Cartright*, 2017 WL 1194241, at *4 (quoting *Trans World Airlines, Inc. v. Hughes*, 308 F. Supp. 679, 683 (S.D.N.Y. 1969), *modified on other grounds*, 449 F.2d 51 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363 (1973)). While this Court is not, as the Report suggests, "*required* to accept all of Plaintiffs' allegations as true, except for those relating to damages," (Report at 1 n.1 (emphasis added and citation omitted)), because no exceptional circumstances exist here, and a default judgment has been entered against Defendants, (*see* ECF No. 18), this Court accepts the factual allegations set forth in Plaintiffs' complaint as true.

2

(noting that when defendants are "jointly [p]laintiffs' employers, each defendant is jointly and severally liable under the FLSA and NYLL for any damages award made in [p]laintiffs' favor") (citation omitted). As the Report notes, although Plaintiffs have asserted minimum wage and overtime claims under both the FLSA and NYLL, Plaintiffs cannot recover under both statutes for the same injury. (Report at 5.) Magistrate Judge Aaron correctly found that Plaintiffs are entitled to recover under the NYLL, because the NYLL's longer statute of limitations provides Plaintiffs the greatest relief. (*Id.*); *see also Schalaudek v. Chateau 20th St. LLC*, No. 16 Civ. 11 (WHP) (JLC), 2017 WL 729544, at *5 (S.D.N.Y. Feb. 24, 2017) ("Although 'plaintiffs may not recover under both the FLSA and the NYLL for the same injury,' courts allow plaintiffs to recover under the statute that provides for the greatest relief.") (quoting *Ni v. Bat-Yam Food Servs. Inc.*, No. 13 Civ. 7274 (ALC) (JCF), 2016 WL 369681, at *1 (S.D.N.Y. Jan. 27, 2016)).

Defendants failed to maintain accurate and complete timesheets and payroll records. (Compl. ¶ 34.) Magistrate Judge Aaron correctly found that Plaintiffs satisfied their burden of providing evidence of their wages and hours worked by providing an affidavit from each Plaintiff and charts calculating the hours worked and amount owed to each Plaintiff based on the affidavits. (Report at 4, 7); *see also Hernandez v. Jrpac Inc.*, No. 14 Civ. 4176 (PAE), 2016 WL 3248493, at *27 (S.D.N.Y. June 9, 2016) (noting that an employee's "burden [to produce evidence of his wages and hours worked] is 'not high' and may be met 'through estimates based on [the employee's] own recollection'") (quoting *Keubel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)). Defendants did not provide any rebuttal to Plaintiffs' evidence.

Plaintiff Molina was not paid minimum wage, and none of the Plaintiffs was paid overtime. (Compl. ¶¶ 22, 26, 30.) As the Report notes, under both state and federal law, employers must pay their employees a statutory minimum wage for every hour worked and overtime for every hour

worked over forty hours in a given week. (Report at 6 (citing 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2).) Based on the charts submitted by Plaintiffs, Magistrate Judge Aaron correctly found that Molina is entitled to payments sufficient to raise his compensation to the minimum wage and that all of the Plaintiffs are entitled to overtime pay.[2] (*Id.* at 6–7, 13.) Magistrate Judge Aaron further correctly found that Plaintiffs are entitled to prejudgment interest on their unpaid overtime at the statutory rate of nine percent per year, calculated from the midpoint of each Plaintiff's employment to the date of the entry of judgment. (*Id.* at 9 (citing N.Y. C.P.L.R. §§ 5001, 5004).) Magistrate Judge Aaron also correctly found that, because Defendants' violations of law were willful, Plaintiffs are entitled to liquidated damages equal to the total amount of overtime pay, and prejudgment interest thereon. (*Id.* at 8 (citing N.Y. Labor Law § 663(1)); *see also id.* at 5 (citing Compl. ¶¶ 8–9, 31).)

In addition to their wages and overtime pay, Plaintiffs seek statutory damages for Defendants' failure to provide Plaintiffs with regular wage statements required by New York's Wage Theft Prevention Act ("WTPA"). (Compl. ¶¶ 69–75.) The Report also correctly found that because each of the Plaintiffs worked more than twenty weeks after February 27, 2015, Plaintiffs are each entitled to $5,000 in WTPA damages.[3] (Report at 9.)

---

[2] Although Magistrate Judge Aaron found that the charts submitted by Plaintiffs were largely accurate, the Report notes four instances in which Magistrate Judge Aaron made corrections to Plaintiffs' calculations. (*See* Report at 7 n.4.)

[3] As the Report notes, prior to February 27, 2015, violations of the wage statement requirement entitled employees to recover damages of $100 per work week, not to exceed $2,500. (Report at 9 (citing 2010 N.Y. Laws ch. 564 § 7).) As of February 27, 2015, the WTPA was amended to increase the amount of available damages to $250 per work day, not to exceed $5,000. (*Id.* at 9 (citing N.Y. Labor Law § 198(1-d).)

4

Magistrate Judge Aaron correctly calculated the midpoints of each Plaintiff's employment and the amounts of the awards due as follows:

| Plaintiff | Midpoint of Employment | Unpaid Wages | Liquidated Damages | WTPA Damages | Totals |
|---|---|---|---|---|---|
| Mosso-Salazar | 1/31/2015 | $117,900 | $117,900 | $5,000 | $240,800 |
| Urbano | 3/2/2015 | $135,263 | $135, 263 | $5,000 | $275,526 |
| Molina | 5/13/2015 | $104,155 in overtime; $2,785 in minimum wage payments | $104,155 | $5,000 | $213,310 |

(*Id.* at 10, 13.)

## III. THE REPORT CORRECTLY CALCULATES ATTORNEYS' FEES AND COSTS

As the Report notes, Plaintiffs are entitled to recover reasonable attorneys' fees and costs under state and federal law. (Report at 10 (citing 29 U.S.C. § 216(b); N.Y. Labor Law §§ 198(1-a), 663(1).) Magistrate Judge Aaron correctly found that Plaintiffs' attorney reasonably expended 27.3 hours of work on this matter and that the attorney's rate of $400 per hour was also reasonable. (*Id.* at 11.) Magistrate Judge Aaron also correctly found that Plaintiffs reasonably incurred $530 in costs. (*Id.* at 12.) Thus, Magistrate Judge Aaron correctly concluded that Plaintiffs are entitled to recover the $11,290 in attorneys' fees and costs that they seek.[4] (*Id.* at 13.)

## IV. CONCLUSION

Magistrate Judge Aaron's Report, (ECF No. 18), is ADOPTED. Defendants are ordered to pay Plaintiffs damages in the following amounts: Mosso-Salazar – $240,800; Urbano – $275,526; and Molina – $213,310. Defendants are ordered to pay prejudgment interest to each

---

[4] As the Report notes, Plaintiffs' attorney did not bill for all of the work that he performed. (Report at 12 (citing Decl. of Peter Cooper dated July 11, 2018, ECF No. 21, ¶ 7).)

5

Plaintiff at a rate of nine percent per year, calculated for the period from the midpoint dates set forth above to the date of entry of judgment. Defendants are also ordered to pay Plaintiffs' attorneys' fees and costs of $11,290.

Dated: New York, New York
      October 15, 2018                    SO ORDERED.

                                                GEORGE B. DANIELS
                                                United States District Judge